UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY, NEWARK, NEW JERSEY

| | |
|---|---|
| YAROSLAV SHARAK AND OSTAP SHARAK,<br><br>Plaintiff(s),<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant(s), | CIVIL ACTION<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is a civil action seeking monetary damages against defendants, UNITED STATES OF AMERICA, for committing acts or omissions of negligence by its agents and employees against Plaintiffs, YAROSLAV SHARAK and OSTAP SHARAK on or about MARCH 9, 2016 for a motor vehicle collsion that occurred in Cranbury, New Jersey.

## JURISDICTION

2. Plaintiffs sustained personal injuries and property damage due to the negligence of a federal government employee acting within the scope of his federal employment.

3. THOMAS J. HARTLEY, JOHN DOE - RICHARD ROE (a series of fictitious names), was the operator of a motor vehicle was operating a vehicle on behalf of, defendants, UNITED STATES OF AMERICA, U.S. DEPARTMENT OF LABOR.

4. The claims herein are brought against the United States pursuant to The Federal Tort Claims Act, 28 U.S.C. §2671 and 28 U.S.C. §§1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts

and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of New Jersey. The Federal Tort Claims Act authorizes recovery for personal injury, death, or property damage caused by negligent federal government employees acting within the scope of their federal employment. 28 U.S.C. § 1346(b).

    5. United States District Courts have exclusive jurisdiction to hear Federal Tort Claims Act claims. <u>Wood v. United States</u>, 961 <u>F2d</u> 195, 197 (Fed. Cir. 1992).

    6. Plaintiffs have full complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

    7. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of New Jersey.

**PARTIES**

    7. Plaintiff, YAROSLAV SHARAK, is a resident of the city of Staten Island, State of New York and the United States of America, at 7 Father Capodanno Na, Staten Island, New York 10305.

    8. Plaintiff, OSTAP SHARAK, is a resident of the city of Staten Island, State of New York and the United States of America, at 187 Kiswick Street, Staten Island, New York 10306.

    9. THOMAS J. HARTLEY, at all times relevant hereto, was an individual employed by the Defendants, UNITED STATES OF AMERICA.

    10. Defendants, UNITED STATES OF AMERICA is the employer of

the negligent and reckless driver who was operating in the scope of his employment.

### FIRST COUNT

1. On or about March 9, 2016, the plaintiffs, YAROSLAV SHARAK and OSTAP SHARAK, were in a motor vehicle that was traveling along New Jersey Turnpike Interchange 10, Edison Township, New Jersey.

2. At said time and place, herein mentioned the defendants, UNITED STATES OF AMERICA, U.S. Department of Labor, was the owner and its agent, servant or employee THOMAS J. HARTLEY, JOHN DOE – RICHARD ROE (a series of fictitious names), was the operator of a motor vehicle traveling along New Jersey Turnpike Interchange 10, Edison Township, New Jersey.

3. The defendant's agent, employee or servant controlled and/or operated his motor vehicles in a careless, negligent and reckless manner and caused his vehicle to collide into plaintiffs' vehicle.

4. As a direct and proximate result of the aforesaid carelessness, negligence and recklessness of the defendants, the plaintiffs, YAROSLAV SHARAK and OSTAP SHARAK, were violently tossed about, sustained injuries causing permanent disability, permanent significant disfigurement, permanent loss of bodily function, and/or loss of earnings and earning capacity in excess of that provided by N.J.S.A. 39:6-1 et seq., (should this statute apply), have incurred or in the future will incur expenses for the treatment of said injuries in excess of the applicable threshold, have been disabled and in the future will be disabled and not able to perform their usual functions, have

been caused and in the future will be caused great pain and suffering, have been deprived and in the future will be deprived of their right to the enjoyment of life to their great loss and damage.

WHEREFORE, the plaintiffs, YARASLAV SHARAK and OSTAP SHARAK, demand judgment against the defendants including compensatory damages for her pain and suffering, physical and mental injuries, (as applicable), lost permanent injuries, economic losses and other damages, attorney's fees, costs and interest and whatever other relief the court deems equitable.

## SECOND COUNT

1. Plaintiff repeats the foregoing counts as though set forth at length herein.

2. Defendant vehicle owner UNITED STATES OF AMERICA, U.S/ DEPARTMENT OF LABOR, ABC CORP. - XYZ CORP. (a series of fictitious names) is vicariously liable for the negligent, careless and reckless acts of driver, THOMAS J. HARTLEY, JOHN DOE - RICHARD ROE (a series of fictitious names), because at the time of the collision, defendant driver was in the course of his employment, agency or service to defendant owner.

WHEREFORE, plaintiffs, YAROSLAV SHARAK and OSTAP SHARAK, demand judgment against the defendants, together with interest and costs of suit.

## THIRD COUNT

1. Plaintiff(s) repeats the foregoing counts as though set forth at length herein.

2. Defendant vehicle owner UNITED STATES OF AMERICA, U.S.

DEPARTMENT OF LABOR, ABC CORP. - XYZ CORP. (a series of fictitious names) owed a duty to control the use of the vehicle so that it was not used by someone who is a careless driver, was unqualified or unlicensed to drive a car, or was otherwise unfit to drive a vehicle.

3. At all times relevant, Defendant vehicle driver, THOMAS J. HARTLEY, JOHN DOE - RICHARD ROE (a series of fictitious names), was habitually a careless driver, was unqualified or unlicensed to drive a car, or was otherwise unfit to drive a vehicle.

4. Defendant vehicle owner UNTIED STATES OF AMERICA, U.S. DEPARTMENT OF LABOR, ABC CORP. - XYZ CORP. (a series of fictitious names) knew or should have known that Defendant vehicle driver, THOMAS J. HARTLEY, JOHN DOE - RICHARD ROE (a series of fictitious names), was habitually a careless driver, was unqualified or unlicensed to drive a car, or was otherwise unfit to drive a vehicle and so negligently entrusted the vehicle to the driver.

5. As a direct and proximate cause of the negligent entrustment of the vehicle, the crash described above occurred and the plaintiffs suffered injuries as described above.

WHEREFORE, plaintiffs, YAROSLAV SHARAK and OSTAP SHARAK, demand judgment against the defendants, together with interest and costs of suit.

### FOURTH COUNT

1. Plaintiff(s) repeats the foregoing counts as though set forth at length herein.

2. The vehicle owned by YAROSLAV SHARAK was damaged and depreciated because of the negligent operation of the vehicle by

defendant and/or defendants' agents.

WHEREFORE, plaintiffs demand damages for damages, towing, storage, loss of use, and depreciation of his vehicle.

### PRAYER FOR RELIEF

WHEREFORE THE PLAINTIFFS ARE ENTITLED TO DAMAGES FROM THE UNITED STATES OF AMERICA, AND THEY DO HEREBY PRAY THAT JUDGMENT BE ENTERED IN THEIR FAVOR AND AGAINST THE UNITED STATES OF AMERICA AS FOLLOWS:

1. Personal injury claim of Yaroslav Sharak, $1,000,000.00.
2. Personal injury claim of Ostap Sharak, $1,000,000.00.
3. Property damage claim of Yaroslav Sharak, $7,470.46.
4. Such other damages allowable by law.

PLAINTIFFS FURTHER ARE ENTITLED AND DO HEREBY SEEK RECOVERY OF ALL COSTS AND ATTORNEY'S FEES INCURRED BY PLAINTIFFS IN THIS CIVIL ACTION, TOGETHER WITH FOR SUCH FURTHER AND ADDITIONAL RELIEF AT LAW OR IN EQUITY THAT THIS COURT MAY DEEM APPROPRIATE AND PROPER.

ZAVODNICK, PERLMUTTER & BOCCIA, LLC
Counsel for Plaintiffs
26 Journal Square, Suite 1102
Jersey City, New Jersey 07306
(201) 653-1155
mperlmutter@zpblaw.com

By: _____
MITCHELL D. PERLMUTTER, ESQ.

Dated: January 19, 2019

## DEMAND FOR INITIAL DISCLOSURES

Demand is hereby made for Demand is hereby made for Fed.R.Civ.P. 26 initial disclosures and answers to Uniform Interrogatories Form C, and Form C(1) in lieu of service pursuant to Rule 4:17-1(b)(ii) as contained in Appendix II of the Rules of Court.

                         ZAVODNICK, PERLMUTTER & BOCCIA, LLC
                         Counsel for Plaintiffs
                         26 Journal Square, Suite 1102
                         Jersey City, New Jersey 07306
                         (201) 653-1155
                         mperlmutter@zpblaw.com

                  By: _____
                       MITCHELL D. PERLMUTTER, ESQ.

Dated: January 19, 2019